UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                                    CASE NO:  2:09-CR-71-FTM-29SPC

LAWRENCE L. RIPLEY, JR.
_____

**ORDER**

This cause came on for consideration on the Motion to Vacate Order Revoking Conditions of Release (Doc. #54) filed on November 19, 2010.

As a matter of background, Defense Counsel previously moved to withdraw as Counsel on October 28, 2010.  The Government did not take a position on the matter.  With trial quickly approaching, the Court conducted a hearing and heard the testimony of Counsel and the Defendant.  Absent sufficient cause, the Motion was denied.   November 17, 2010, Defense Counsel made a renewed Motion to Withdraw as Counsel for the Defendant.  Counsel indicates that the Defendant continues to be uncooperative, despite the previous admonitions of the Court. Upon consideration, the Court issued an Order revoking the Defendant's bond.

Counsel moves the Court now to vacate the Order revoking the Defendant's bond.  As grounds, Counsel states it was not the intention of Counsel to jeopardize Defendant's pretrial release, despite his belief that the communication issues continue to prevent trial preparation. Counsel further stated that a conflict does not exist regarding the interests of Counsel and Defendant, but rather the communication issue prevents Counsel from rendering effective assistance.  The Government takes no position on the matter.

It is not well received by the Court that just days prior to the commencement of trial, Defendant continues willful noncompliance with the Court regarding the preparation for trial. The Court previously heard argument on the issue and testimony from the Defendant and determined that good cause was not shown to warrant the withdrawal of Counsel just short of the trial term. It was determined that the issue preventing trial preparation could be resolved with due diligence by the Defendant, and should be resolved quickly as the trial date had not been continued. The Court reminded the Defendant of his <u>obligation</u> to be responsive and available to his Court appointed Counsel and was admonished the Defendant for his failure to do so. The Court further reminded the Defendant that the case has been pending for more than a year and absent a showing of good cause, the Court was not inclined to delay the matter further due to his uncooperative behavior. Pretrial release and the benefit of Court appointed Counsel are privileges not to be taken lightly and the Defendant's failures to appear for attorney-client proceedings, and failures to respond to Counsel is not taken with favor by the Court. Therefore, the Motion to Vacate Order Revoking Bond is due to be denied.

Accordingly it is now,

**ORDERED**, the Motion to Vacate Order Revoking Conditions of Release (Doc. #54) is **DENIED**.

**DONE** and **ORDERED** at Fort Myers, Florida this ___22nd____ of November, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE